The opinion of the Court was delivered by
Dunkin, Ch.
The defendant has, very properly, made no appeal from so much of the decree, heretofore pronounced, as set aside his purchase of the premises in Society-street, and declared him liable for the rents and profits. But it is insisted, that the account for rents and profits should not be carried beyond the time of filing the bill, or, at farthest, beyond four years prior thereto. Generally, it cannot be questioned that a party is responsible for the use of property which does not belong to him, and of which he has unlawfully obtained possession. On the other hand, in administering relief against a party who has acted under ignorance or mistake, and in favor of a party who has been supine or negligent, this Court exercises a discretion in relation to the account, which is necessarily modified by the circumstances. The rule declared in Rowland vs. Best, 2 McC. Ch. 320, has been repeatedly recognized. “It is not an uncommon case for a party who lies by and permits another to occupy and enjoy property as his own, under an apparent good title, which he might and ought to have brought into discussion much earlier, to be restricted in his demand for an account of rents and profits, to the filing of the bill, or four years before.” ■
*269 The argument insists that the defendant is entitled to the benefit of this modification. The ground, upon which the decrees heretofore pronounced the defendant’s purchase invalid, was, that he was a party to the decree of July 14, 1840, and that his subsequent proceedings in the City Court were in violation and contempt of the injunction thereby ordered. His possession, therefore, under the Sheriff’s sale, was tortious in its inception. But it is said there was laches. It appears to the Court that this argument proceeds from a misapprehension of the character of the proceedings, and of the decretal orders of 1840 and 1841. The bill was to marshal the assets, real and personal. “ The settled doctrine,” says Chancellor Kent, Thompson vs. Brown, 4 Johns. Ch., 643, “ is that the decree to account, in such cases, is for the benefit of all the creditors, and in the nature of a judgment for all. All are entitled. And from the date of such decree an injunction will be granted to stay all proceedings of any of the sreditors at law.” “ The establishment of this doctrine and practice,” adds he, “ is to be traced back to the decisions of Lord Hardwicke, Lord Camden and Lord Thurlow.” The decree, therefore, of July, 1840, was for the benefit of all the creditors, and in the nature of a judgment for all. Every creditor who came in and proved his debt under the Master’s notice, became a party to the decree, an actor in the proceedings, and was entitled to move for any order to speed the cause, or carry the decree into successful execution. It has been definitively settled that the defendant presented and proved his demand under the decree, and became thereby just as much an actor in the cause as the original complainant, oí-as any other creditor situated similarly with himself. If the estate was insolvent, and had been surrendered to the control and disposition of the Court, it might well be expected that thenceforth the creditors would be most diligent in stimulating the action of the Court. If proceedings under the decree were unreasonably protracted or suspended, the delay is not more chargeable upon one than another of those who were entitled to expedite them, not more to any other creditor than to the *270 defendant: and it is not unlikely that the irregular proceedings of the defendant-, in the levy and sale of July, 1842, may have created obstacles in carrying into effect the decretal order of sale made by the Court, which did not previously exist.
This Court perceives no error in the decree of the Chancellor, and the appeal is dismissed. «,
Joi-instoN, Dargan and Wardlaw, CC., concurred.

Appeal dismissed.